**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**Jane K. KISSLING, Respondent.**

**No. 2009–SC–000628–KB.**

Supreme Court of Kentucky.

April 22, 2010.

### OPINION AND ORDER

On October 1, 2009, the Kentucky Bar Association (KBA) moved this Court to enter an order directing Jane K. Kissling, whose KBA member number is 81087 and whose bar roster address is P.O. Box 8314, Lexington, Kentucky, 40533, to show cause why she should not be subject to reciprocal discipline after being permanently disbarred by the Supreme Court of New Jersey on September 24, 2008. The KBA also requested that if such cause be lacking, this Court enter an order in accordance with SCR 3.435(4) permanently disbarring Kissling from the practice of law in this Commonwealth. On November 25, 2009, this Court granted the KBA's request, ordered Kissling to show cause why she should not be subject to reciprocal discipline, and noted that the identical discipline would be imposed on Kissling if she failed to respond within twenty days of receipt of the show cause order. Having received no response from Kissling, this Court now grants the KBA's motion and recommended disciplinary sanction.

Kissling was admitted to practice law in this Commonwealth on March 1, 1972, and was admitted to practice law in New Jersey in 1989. In 1994, Kissling was indicted by a New Jersey grand jury for knowingly misappropriating $52,100.97 from one of her clients, Ms. Violet Sachs.[1] Following the indictment, which charged Kissling with a third-degree felony, Kissling disappeared and was a fugitive for the next four years. Kissling was ultimately apprehended in 1998 and entered into a one-year pretrial intervention program. Subsequently, in 1999, an ethics complaint was filed against Kissling based on her misappropriation of Ms. Sachs' property. After Kissling filed an answer to this complaint in 2002 requesting a stay, the Supreme Court of New Jersey stayed the ethics

1. Kissling has been temporarily suspended from the practice of law in New Jersey since the date of this indictment, September 19, 1994.

proceedings against Kissling until July 17, 2006, when the Court granted the Office of Attorney Ethics' motion to lift the stay.

On June 25, 2008, the New Jersey Disciplinary Board entered its decision finding Kissling guilty of violating the New Jersey Rules of Professional Conduct (RPC) 1.15(a), which prohibits an attorney from knowingly misappropriating a client's trust funds, and 8.4(c), which prohibits an attorney from engaging in conduct involving fraud, dishonesty, deceit or misrepresentation. The Board unanimously recommended that Kissling be permanently disbarred from the practice of law for her misconduct. On September 24, 2008, the Supreme Court of New Jersey adopted the Board's recommendation and entered an order permanently disbarring Kissling.

If an attorney licensed to practice law in this Commonwealth receives discipline in another jurisdiction, SCR 3.435(4) requires this Court to

> impose the identical discipline unless Respondent proves by substantial evidence:
>
> > (a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or
> >
> > (b) that misconduct established warrants substantially different discipline in this State.

As noted previously, Kissling, by not responding to the show cause order, has failed to demonstrate why this Court should not impose the identical discipline she received in New Jersey. Furthermore, SCR 3.435(5) requires this Court to recognize that a final adjudication of misconduct in another jurisdiction establishes conclusively the same misconduct for purposes of a disciplinary proceeding in Kentucky.

Here, the rules Kissling violated in New Jersey are identical to the corresponding Rules of Professional Conduct in Kentucky: RPC 1.15(a) is the equivalent of SCR 3.130–1.15(a), and RPC 8.4(c) is the equivalent of the recently amended SCR 3.130–8.4(c). Thus, because Kissling has been disciplined by the Supreme Court of New Jersey and because she has failed to show adequate cause why she should not be subject to reciprocal discipline pursuant to SCR 3.425(4), this Court grants the KBA's motion and adopts their recommended discipline of permanent disbarment. It is hereby ORDERED that:

1. Jane K. Kissling is permanently disbarred from the practice of law in the Commonwealth of Kentucky.

2. Pursuant to SCR 3.450, Jane K. Kissling is directed to pay all costs, if any, associated with these disciplinary proceedings against her and for which execution may issue from this Court upon finality of this Opinion and Order.

3. Pursuant to SCR 3.390, Jane K. Kissling shall, within ten (10) days from the entry of this opinion and order, notify all clients, in writing, of her inability to represent them; notify, in writing, all courts in which she has matters pending of her disbarment from the practice of law; and furnish copies of all letters of notice to the Executive Director of the Kentucky Bar Association. Furthermore, to the extent possible, Kissling shall immediately cancel and cease any advertising activities in which she is engaged.

All sitting. All concur.

ENTERED: April 22, 2010.

/s/ <u>John D. Minton, Jr.</u>
     Chief Justice